ELIAS JESSURUN, an infant, etc., Respondent, *v.* JAMES B. MACKIE and others, Appellants.

*Summary proceedings — what errors of the justice must be reviewed by appeal — when the enforcement of an order for dispossession will not be restrained — appointment of a guardian ad litem in such proceedings for an infant defendant is proper.*

This action was brought to restrain the enforcement of an order made in summary proceedings by one of the justices of a district court of the city of New York dispossessing the plaintiff, and directing him to be removed from certain premises held by him under a lease. The action was based upon the refusal by the justice to appoint a *guardian ad litem* in such proceedings for the defendant, who alleged in his answer that he was an infant.

*Held,* that the action could not be maintained, and that the remedy of the plaintiff, if any, was by an appeal under section 2260 of the Code of Civil Procedure.

That this was not a case in which, under section 2265 of the Code of Civil Procedure, an injunction should be granted to stay the execution of final judgment in an action of ejectment.

*Semble,* that if the fact of infancy had not appeared in the proceeding, the remedy would have been by motion.

*Semble,* that the justice erred in refusing to appoint a *guardian ad litem* for the infant, although there was no express provision of any statute or of the Code requiring him so to do.

Appeal from an order made at Special Term granting an injunction *pendente lite.*

*G. H. Brewster,* for the appellants.

*Benno Loewy,* for the respondent.

Davis, P. J.:

The respondent, Elias Jessurun, is the tenant of the appellant James B. Mackie, of certain premises under a lease executed by Mackie to him. Proceedings to remove him as such tenant from the premises for non-payment of rent were commenced in a district court of the city under title 2 of chapter 17 of the Code of Civil Procedure, entitled " summary proceedings to recover possession of real property." On the return day of the precept, the tenant

Jessurun appeared and objected that he was an infant, and that no guardian *ad litem* had been appointed for him. The proceedings were adjourned until the following Monday, and on that day the tenant again appeared and put in an answer alleging that he was an infant, and asking that a guardian *ad litem* be appointed on his behalf. The justice ruled that no guardian *ad litem* was necessary in the case, and proceeded to the trial without appointing such guardian and made a final order for the removal of such tenant. Thereupon the tenant by Solomon Jessurun, his guardian *ad litem*, commenced this action against James B. Mackie, the landlord. George W. Parker, the justice before whom the District Court was held, and Dennis McDermott, the marshal of said court, praying for a perpetual injunction against them from proceeding to enforce the order of dispossession and from removing him from the premises held by him under such lease. An order to show cause based upon the complaint and the accompanying affidavits, was made which contained a temporary injunction. On the return day of that order the Special Term, after hearing the parties, granted an injunction during the pendency of the action with costs of the motion. There is no provision in the proceedings under the statute known as the "landlord and tenant act," or in the provisions of the Code entitled "summary proceedings to recover possession of real property" for the appointment of a guardian *ad litem*, where an infant is proceeded against; but by analogy there does not seem to be much reason to doubt that such a guardian should be appointed by the court, where infancy is alleged and made to appear. The reason of the rule which requires the appointment of such guardian in actions and other proceedings is fully applicable to proceedings of this character. This was said by JOHNSON, J., in *Boylen* v. *McAvoy* (29 How., 278), to be "the protection of such persons against what the law adjudges to be their own incompetency to choose attorneys or to conduct their own litigations with suitable prudence and discretion." It certainly would have been the better course for the District Court, to have appointed a guardian *ad litem* when the answer of the tenant was interposed, and it was probably error for which the proceedings would have been reversed to refuse to do so. But that question by no means disposes of this appeal.

The failure to appoint a guardian in an action for an infant

defendant is not a mere irregularity which the infant could waive before he arrived at his majority. It was, as a general rule under the former practice, an error of fact, for which, upon writ of error and assignment of error of fact, the judgment could be reversed. (*Mockey* v. *Gray*, 2 John., 192; *Bliss* v. *Rice*, 9 id., 160; *Gosling* v. *Acker*, 2 Hill, 391; *Kellogg* v. *Clock*, 2 Code Rep., 28.)

After the abolition of writs of error for errors of fact, the remedy in such cases in actions was held to be by motion. In *McMurray* v. *McMurray* (9 Abb. [N. S.], 315), the court held that, by analogy to the old practice, the remedy ought to be limited to two years after the judgment, or after the disability ceased, and a motion to set aside the judgment was on that ground denied. In this case the question of infancy was raised by the answer duly verified and by the decision of the court that the appointment of a guardian *ad litem* in such cases was not necessary. If this was error, the remedy was a plain one, to wit, by appeal under section 2260 of the Code. The tenant, however, resorted to an action in this court, to restrain the enforcement of the final order by perpetual injunction. Section 2265 prescribes the modes by which proceedings for the removal of tenants, under that title, may be stayed or suspended, both before and after final order, and expressly enacts that " an injunction shall not be granted before the final order in the proceeding except in a case where an injunction would be granted to stay the proceedings, in an action of ejectment brought by the petitioner, and upon the like terms; or after the final order, except in a case where an injunction would be granted to stay the execution of the final judgment in such an action, and upon the like terms."

We think, under this provision, the court below was not authorized to grant the injunction in this case. It was an application after the final order, and it was not a case where an injunction would be granted to stay the execution of the final judgment in an action of ejectment. The remedy of the tenant in such an action would have been by appeal, where the fact of infancy appeared and had been ruled upon, so that the question of the correctness of the ruling would have been brought up by the appeal, or by motion to the court in such a case, where the fact of infancy did not appear. We think that no injunction order would have been allowable to perpetually enjoin the proceedings in such a case. The court would

simply have set aside the judgment upon motion, or reversed it upon appeal, and there would have been no necessity for resorting to an independent action on the equity side of the court for a perpetual injunction. In fact such a proceeding, if allowed, would operate to deprive the plaintiff in such an action of all rights which would be preserved to him on the appeal or by motion. In this case, the tenant had a remedy (if in any mode) by appeal under the present Code, as he would have had under the former Code by writ of *certiorari*. Section 2265 prohibits the granting of an injunction in such a case as this. The tenant has mistaken his remedy, and the order of the court below must be reversed, with ten dollars costs and disbursements of the appeal, and the motion for the injunction denied, with ten dollars costs of the court below.